

FILED
JUL 25 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2012 JUL 25 PM 2:50

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS, CDCR #T-30101, <br><br> Plaintiff, <br><br> vs. <br><br> DR. A SANGHA; JOHN DOE, Director of CDCR; JOHN DOE, Director of Corrections Corporation of America; JANE DOE; JOHN DOES 1-50, Officers of Northfork Correctional Facility, <br><br> Defendants. | Civil No. 12cv1449 WQH (NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 9];** <br><br> **(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Michael Williams ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding in pro se, initially filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California. On June 13, 2012, United States District Judge Yvonne Gonzalez Rogers determined venue was proper in the Southern District of California and transferred the matter to this Court. [ECF No. 4].

///

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 9]. In addition, Plaintiff has filed a First Amended Complaint ("FAC"). [ECF No. 7.]

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that

the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 9] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a

pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A. 42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Eighth Amendment claims

Plaintiff alleges a number of Eighth Amendment violations. Plaintiff, an inmate incarcerated by the California Department of Corrections and Rehabilitation ("CDCR"), was sent to be housed in North Fork Correctional Facility, an out of state facility, in November of 2010 due to the overcrowding of prisons in California. (*See* FAC at 3.) On October 11, 2011, Plaintiff alleges a riot broke out in the prison and he was "violently attacked by other inmates" with a "metal baseball bat." (*Id.*) Plaintiff alleges he suffered a serious brain injury and was returned to Centinela State Prison in California to receive medical treatment. (*Id.*)

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, while Plaintiff identifies a serious risk to this safety, he fails to adequately allege with any specificity how the *individual* Defendants would have known that there was a serious risk of harm. Plaintiff clearly alleges that he was assaulted by other inmates but he does not allege any facts that would demonstrate that either the Director of the CDCR or the Director of the North Folk Correctional Facility had any knowledge that another inmate would cause him serious harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, as currently plead, Plaintiff has failed to show that any Defendant acted with conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury). Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

As to Plaintiff's claims with respect to his medical care issues while housed at Centinela State Prison, Plaintiff alleges insufficient facts to find that he has stated an Eighth Amendment deliberate indifference claim as to Defendant Sangha. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer*, 511 U.S. at 834.

1  In general, deliberate indifference may be shown when prison officials deny, delay, or
2  intentionally interfere with a prescribed course of medical treatment, or it may be shown by the
3  way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838
4  F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been
5  abridged with regard to medical care, however, "the indifference to his medical needs must be
6  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7  cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing
8  *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

9  While Plaintiff alleges a serious medical need, he fails to allege facts sufficient to state
10 a deliberate indifference claim as to Defendant Sangha. Plaintiff admits that he has received
11 medical examinations, as well as pain medication. (*See* FAC at 4-5.) However, his only
12 allegation specific to Dr. Sangha is the allegation that "Dr. A. Sangha is responsible for allowing
13 me to go see a neurologist and what care I get." (*Id.*) These facts, as currently stated, do not rise
14 to the level of "deliberate indifference."

15 Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for
16 failing to state a claim upon which relief can be granted.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 9] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 7/24/12

HON. WILLIAM Q. HAYES
United States District Judge